LAMB v. THE STATE OF OHIO.

*Evidence—Certificated copies of deeds admissible, when—Section 8557, General Code—Cross-examination within discretion of trial court—Criminal law—Obtaining money by false pretense.*

1. Copies of deeds thereto *held* properly admitted, in view of Section 8557, General Code, where they were certified by recorder of county where lands were located as being true copies, and his authority was duly certified to by clerk of court of such county.

2. Great latitude is permissible on cross-examination within discretion of trial court, and unless discretion is abused reviewing court will not interfere.

(Decided January 11, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Nash Rockwood,* and *Mr. Allen C. Roudebush,* for plaintiff in error.

*Mr. Charles S. Bell,* prosecuting attorney, and *Mr. D. M. Outcalt,* for defendant in error.

BY THE COURT. Plaintiff in error, Dave E. Lamb, was convicted under an indictment for obtaining money by false pretenses from Daisy Perlee. A large sum of money was obtained by Lamb from Perlee on notes, secured by a mortgage on certain West Virginia lands, some 2,200 acres. The record discloses, and it was not denied by Lamb, that no such land existed. His defense in

[1] Criminal Law, 16 C. J. § 1520; [2] Id., 17 C. J. § 3584; Witnesses, 40 Cyc. pp. 2480, 2512.

the main was that he was acting in good faith, and had no knowledge that the land did not exist.

Judgment was entered on the verdict of guilty, and error is prosecuted to this court, seeking a reversal of that judgment.

There are 22 assignments of error set forth in the brief of the plaintiff in error.

It is first contended that Exhibits 3, 4, 5, 6, 7, 8, 10, and 11, which were copies of deeds recorded in Greenbrier county, W. Va., were improperly admitted in evidence. The record shows that all these deeds were duly certified and proven to be true copies of the original deeds recorded. Under Section 8557, General Code of Ohio, and under an act of Congress, these exhibits were properly admitted. That they were true copies was certified to by the recorder, and his authority was duly certified to by the clerk of the county court of Greenbrier county.

Many of the specifications of error are grounded on cross-examination of the defendant by counsel for the state. It is fundamental that great latitude is permissible on cross-examination, within the discretion of the trial court, and, unless there is an abuse of that discretion, a reviewing court will not interfere. It is true that many questions were asked by the prosecuting attorney that were not proper, and the trial court at the time so ruled, and cautioned the jury with reference thereto. We are unable to see where the trial court abused its discretion in permitting the cross-examination complained of.

Complaint is made that in several instances counsel for the defense were restricted in their cross-

examination of some of the witnesses for the state. We have examined these points in the record, and find that the matter which counsel sought to interrogate the witnesses upon was not germane to the issue, and there was, therefore, no error in the restriction.

Complaint is made that the court in its charge left out the essential requisite that the defendant at the time he falsely pretended knew the false pretenses to be false. In this, on examination of the charge, we find counsel to be in error. We find on page 282 the following language of the court:

"If a person makes a false representation, and he knows that that representation is false, and knowledge on the part of the defendant is essential to be shown as one of the elements beyond a reasonable doubt."

This covers the point as to the charge of the court on the question.

It is argued in the brief of counsel for plaintiff in error that the facts were insufficient on which to found a verdict against the defendant for the offense charged.

We have read the record of the evidence in the case, and are satisfied that the jury were fully warranted in returning the verdict they did.

We find no prejudicial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON and CUSHING, JJ., concur.